UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-CV-11964-RGS

JAMES DORE AND MATTHEW WHEELOCK

v.

OFFICER VELAZQUEZ, OFFICER PRINDLE, OFFICER TORRISI, DET. JOHN CUSHING, CPT. RANDY HAGGAR, DET. JACK MOSES, METHUEN POLICE PATROLMEN'S ASSOCIATION, AND HAVERHILL POLICE PATROLMEN'S ASSOCIATION

## MEMORANDUM AND ORDER
## ON DEFENDANTS' MOTION TO DISMISS

February 4, 2011

STEARNS, D.J.

October 1, 2010, pro se plaintiffs James Dore and Matthew Wheelock filed a vaguely worded Complaint in the Essex Superior Court. The genesis of the Complaint was the plaintiffs' arrest on October 3, 2007, and their subsequent prosecution for relatively minor criminal offenses, after an investigation by officers of the Methuen and Haverhill Police Departments. The case was removed by defendants to the United States District Court on November 15, 2010, based on an assertion of federal question jurisdiction. Defendants followed the removal with a motion to dismiss the Complaint on December 22, 2010.

The Complaint is difficult to parse as it does not comply with the requirement of Fed. R. Civ. P. 10(b), that claims be set out in numbered paragraphs "each limited as far as practicable to a single set of circumstances." As best as the court can determine, there are seventeen different counts or claims set out in the Complaint, some alleging the

commission of state crimes by the officers, others alleging claims that are too general to be cognizable, or claims that are unknown to the civil or criminal law.[1] The claims the court can identify are: Fraud; False Prosecution; Malicious Prosecution; Armed Robbery; Assault with a Dangerous Weapon; Committing a Felony While in Possession of a Firearm; Extortion; Abuse of Process; Perjury; Illegal Warrantless Search; Illegal Search and Seizure Generally; Unlawful Use of Third-Party Informants; Violation of Unspecified Constitutional Rights; Religious Discrimination; Emotional Abuse; Psychological Abuse; and Criminal Harassment.[2] Of the civil claims asserted, only that of malicious prosecution (also described as false prosecution and/or abuse of process) might arguably implicate a federal statute (that is, the Federal Civil Rights Act, 42 U.S.C. § 1983).

There is, however, a legal impediment to litigating even this claim in the district court. The First Circuit holds that where a State recognizes the common-law torts of false arrest and malicious prosecution (as does Massachusetts), a plaintiff is barred from pursuing a due process claim (either substantive or procedural) under § 1983 under the federal court. Reid v. New Hampshire, 56 F.3d 332, 336 n.8, 341 (1st Cir. 1995). The weight of circuit law also rejects attempts to litigate malicious prosecution claims in federal

---

[1] Removal is governed by 28 U.S.C. §§ 1441-1453. There is no general right to remove a criminal case. The principal statute, section 1441, defines "actions removable generally" as limited to those that are civil in nature. The only exception is for the removal of criminal cases brought in state courts against officers or agencies of the United States (§ 1442), members of the armed forces (§ 1442a), and defendants whose federal (race-based) civil rights a state court refuses (or is unable) to enforce (§ 1443).

[2] The Reply to the Motion to Dismiss lists only fifteen apparently separate claims, adding a claim of "Illegal Release of Privileged Information," combining the claims of Illegal Warrantless Search and Illegal Search and Seizure Generally, and eliminating the claims of Fraud and Assault with a Dangerous Weapon.

courts directly under the Fourth Amendment.[3]  See, e.g., Reed v. City of Chicago, 77 F.3d 1049, 1052 n.3 (7th Cir. 1996).  Because there is no federal question on which jurisdiction in this court can be based, the case must be remanded to the Essex Superior Court.[4]

ORDER

For the foregoing reasons, the Motion to Dismiss is ALLOWED.  The Clerk will return the case to the Essex Superior Court.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[3] The court notes that to prove a claim of malicious prosecution under state law, a plaintiff must establish that the "prosecution terminated in the plaintiff's favor." Sklar v. Beth Israel Deaconess Medical Center, 59 Mass. App. Ct. 550, 557 (2003). Here, the plaintiffs' own exhibits suggest that the prosecution of Dore resulted in a continuation without a finding on two criminal counts based on an admission to sufficient facts. Wheelock's prosecution appears to have been disposed of by a term of pretrial probation ordered pursuant to Mass. Gen. Laws., ch. 276, § 87. But these are matters for state court inquiry.

[4] If the court determines that it has no jurisdiction over a removed case, it has no power to enter a dismissal with prejudice. Mills v. Harmon Law Offices, 344 F.3d 42, 45 (1st Cir. 2003). The only proper recourse is a remand to the state court. Hudson Savings Bank v. Austin, 479 F.3d 102, 108-109 (1st Cir. 2007).